SUSAN E. COMPTON v. M. R. AIRIAL.

A *mandamus* will not lie to compel a clerk to issue an execution for arrears of alimony, where it does not appear that an application and a proper showing has first been made to the Judge who rendered the decree for alimony.

C. P. 629, 641, 884.

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J. *H. B. Kelly*, for applicant, cited :

*Borgstede* v. *Clark*, 5 An. 295; *Kelly* v. *Gilly*, 5 An. 534: *City of Lafayette* v. *Parish Judge of Jefferson*, 8 R. 5; *Prieur et al.* v. *Commercial Bank*, 7 L. 510.

As to effect and mode of execution of judgment of Supreme Court in a case of this kind, see 6 R. 92.

Defendant *pro. per.*

BUCHANAN, J. Plaintiff appeals from the refusal of the District Judge to grant a peremptory *mandamus* upon the Clerk of the District Court, commanding him to issue a *fieri facias* for arrears of alimony exceeding three hundred dollars, due under an interlocutory decree in a suit pending in said court, between the plaintiff and her husband.

It is for the court which has rendered the judgment, to regulate the manner of its execution (C. P. 629); and we are indisposed to interfere with this legal prerogative of the court of the first instance, unless the record presents a clear case of denial of justice or oppression.

We do not think that the petition shows a case for *mandamus*. Of the right of the party to enforce the decree for alimony rendered in her favor, there can be no question. But we consider the correct practice to be, that the party should address himself to the court which made the decree, and make some showing, by affidavit or otherwise, that the defendant has refused to obey the same. Thereupon the court may, in its discretion, properly render an execution for the arrears of alimony unpaid. That order would be a guide to the clerk in issuing a *fieri facias*, which writ must necessarily express some definite sum. C. P. 641. In the present case, there is no allegation of any demand and refusal to comply with the decree for alimony; nor of any application to the court for an order for a *fieri facias ;* none of any default of the clerk, to fulfil a duty attached to his office, and which might legally be required of him. C. P. 884.

The clerk is a ministerial, not a judicial officer. The application made to him by the plaintiff, was for a *fieri facias* for the sum of three hundred and sixty dollars, in execution of a decree for the payment of alimony at the rate of twenty dollars a month. It was not competent for the clerk to assume, *proprio motu*, or to decide that there was an accumulation of arrears of alimony unpaid, although due under this decree, to the extent of three hundred and sixty dollars. This was a matter for the cognizance of the Judge.

Judgment affirmed.