ISRAEL v. ISRAEL.

(Circuit Court of Appeals, Third Circuit.    October 17, 1906.)

No. 37.

JUDGMENTS—ACTION ON JUDGMENT OF ANOTHER STATE—JUDGMENTS WHICH WILL SUPPORT ACTION.

Under article 4, § 1, of the federal Constitution, requiring that full faith and credit shall be given to the judicial proceedings of another state, in order that a judgment or decree shall be conclusive in an action brought thereon in another state, it must not only be conclusive in the jurisdiction where rendered, but also final in character, and establish a fixed and certain liability; and a decree for alimony and costs will support an action in another state in so far as it is for a sum due at the time of its rendition, and which is absolutely awarded, but not with respect to future payments, for which it provides, but as to which it remains subject to modification at any time, in the discretion of the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1496, 1497.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 136 Fed. 1023.

David Wallerstein, for plaintiff in error.

D. Stuart Robinson, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This is a writ of error taken by Abraham Israel to reverse a judgment for $2,640.71 and costs recovered against him in the court below by Tillie B. Israel, defendant in error, in an action of assumpsit, founded on a certain judgment or decree for the payment of alimony, maintenance and costs, rendered by the Supreme Court of New York, in a suit for divorce brought by him against her. The plaintiff in the court below introduced in evidence an exemplified copy of the record of the proceedings in the New York suit and rested. The defendant offered no evidence and a verdict for the plaintiff was taken subject to the question reserved "whether there was any evidence to go to the jury in support of plaintiff's claim." This point was determined adversely to the plaintiff in error and judg-

ment was entered on the verdict. The assignments of error broadly raise the question whether the judgment or decree for the payment of alimony, maintenance and costs in the New York suit could support the action of assumpsit in the court below. It appears from the record that the New York suit was brought by the plaintiff in error to secure an absolute divorce from the defendant in error, and that, the latter in her answer to the complaint having denied the charges made against her and set up a counterclaim and prayed for a dismissal of the complaint and, by way of affirmative relief, for a separation from bed and board and suitable support and maintenance, it was, July 21, 1902, adjudged and decreed by the court, among other things, as follows:

"Fourth. That the plaintiff pay the defendant weekly on Monday of each and every week commencing on the 30th day of June, 1902, and until the further order or judgment of this court, the sum of thirty dollars for the support and maintenance of defendant and the said children, such payment, however, not to be in lieu of dower or right of dower of the defendant in the plaintiff's real estate or any interest in his personal estate in case of his death intestate.

"Fifth. That the defendant recover from the plaintiff the costs of this action to be adjusted by the clerk of this court."

It appears from the record that the costs of the New York suit were adjusted by the clerk at the sum of $223.85, and were, September 15, 1902, adjudged and decreed to be paid by the plaintiff to the defendant.

The defendant in error contends that by virtue of the Constitution and laws of the United States full faith and credit are to be given in Pennsylvania to the judgment or decree of the Supreme Court of New York, and therefore that the action in the court below was sustainable. The plaintiff in error denies that the Constitution or legislation of the United States so applies to the New York judgment or decree as to support that action. Article 4, section 1, of the Constitution declares that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," and that "the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." By the act of May 26, 1790, c. 11, 1 Stat. 122, as amended and incorporated in section 905 of the Revised Statutes [U. S. Comp. St. 1901, p. 677] it is provided that the records and judicial proceedings of the courts of any state, when duly authenticated, "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken." It appears from the record that the judgment on the verdict in the court below includes $2,130 representing alimony and maintenance for seventy one weeks, at the rate of $30 per week, as adjudged and decreed in the New York suit, and, further, that of the above sum of $2,130 only $120, or four weeks' alimony and maintenance was payable on the rendition of the New York judgment or decree. The balance, amounting to $2,010, represented alimony and maintenance which was not then payable, but only to accrue thereafter. It appears that under the statutes of New York the judgment or decree, so far as it directed the payment of alimony and maintenance not then accrued or payable could at any time thereafter be annulled, varied or modified by the court rendering it. It, therefore, was not a con-

clusive and final judgment or decree with respect to the sum of $2,010, representing alimony and maintenance for sixty seven weeks accruing after its rendition. It did not constitute a fixed, unconditional and absolute liability for its payment. Any rule which would allow suit to be maintained in another state on such a judgment or decree for future alimony and maintenance, would directly tend to the creation of confusion, embarrassment and conflict between courts. The Supreme Court of Illinois in Barclay v. Barclay, 184 Ill. 375, well said with respect to the liability to pay alimony which had become due under a decree providing for future alimony:

"The decree for alimony may be changed from time to time by the chancellor, and there may be such circumstances as would authorize the chancellor to even change the amount to be paid by the husband, where he is in arrears in payments required under the decree. * * * The peculiar character of the obligation is such that it is always subject to modification by the court in which the decree was entered, according to the varying circumstances of the parties, and no other court could undertake to administer the relief to which the parties are entitled except that having jurisdiction in the original suit. An attempt to do so by such other court would bring about a conflict of authority and a condition of chaos with reference to questions of this character, because no other court would have before it the facts with reference to such change in conditions and as to such original right of the parties."

In Pennington v. Gibson, 16 How. 65, 14 L. Ed. 847, the court laid it down "as the general rule, that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity which is for an ascertained and specific amount," but, in referring to Hugh v. Higgs, 8 Wheat. 697, 5 L. Ed. 719, where it was held that no action at law was sustainable "on the decretal order of the Court of Chancery," said:

"It might very well be error to allow the action of debt upon a decretal order of the chancery, and yet perfectly regular to sustain such an action upon the final decree. The former is subject to revision and modification, the latter is conclusive upon the rights of the parties."

We are well satisfied that, aside from the operation of the constitutional and legislative provisions touching the faith and credit to be given to the records and judicial proceedings of the courts of other states, when duly authenticated, no action was sustainable in Pennsylvania on the New York judgment or decree so far as it embraced alimony and maintenance not then accrued. And we are equally well satisfied that such constitutional and legislative provisions do not lend any support to an action in Pennsylvania for the recovery of such alimony and maintenance. On this point Lynde v. Lynde, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, is conclusive. In that case the Supreme Court affirmed the decision of the Court of Appeals of New York. Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332. The case came before the Court of Appeals on appeal from a judgment of the Appellate Division of the Supreme Court of New York modifying and affirming as modified a judgment of the court at Special Term in an action founded on a decree of the Court of Chancery of New Jersey by which it was adjudged that the plaintiff was entitled to recover of the de-

fendant $7,840 for alimony until the date of the decree, and a counsel fee of $1,000; that the defendant should pay to the plaintiff alimony at the rate of $80 per week from and after the date of the decree and give security for the payment of the several sums of money directed to be paid; and that upon his failure to comply with the decree application might be made for sequestration proceedings and a receiver and an injunction. The trial court at Special Term decided that the decree of the Court of Chancery of New Jersey should be enforced against the defendant not only with respect to the counsel fee of $1,000 and alimony until the date of the decree, but also as to alimony accruing from and after the date of the decree, and the giving of security; and further provided that upon failure by the defendant to comply with the provisions of the decision a receiver might be appointed ancillary to the receiver appointed by the Court of Chancery of New Jersey. The defendant appealed and the Appellate Division modified the judgment, so as to allow the plaintiff to recover $8,840, the aggregate of the counsel fee and alimony until decree, and affirmed the judgment as so modified. The Court of Appeals through Gray, J., among other things, said:

"With respect to how far the Supreme Court of this state will enforce the final decree of the New Jersey court, I think the determination of the Appellate Division to be quite correct. The action was to recover upon a final decree of the court of another state, which, being rendered with jurisdiction over the person of the defendant is to be deemed conclusive, in so far as it adjudged the defendant to be indebted to the plaintiff at the date of its rendition. The proceeding in chancery had terminated in an unconditional decree that the defendant must pay a definite sum of money, established as a debt against him, and, therefore, it had extra-territorial value and force. (Wharton Confl. Laws, § 804.) As a debt of record against the defendant the courts of this state should give it full credit and effect; but as to its other provisions for future alimony and for equitable remedies to enforce compliance, I do not think we should say that it falls within the rule of the Federal Constitution. I do not think that the courts of this state should give effect to the decree by enforcing any of the collateral remedies, which the prevailing party may be entitled to in New Jersey and which the subsequent order gave to her. So far as it made provision for the payment of alimony in the future, it remained subject to the discretion of the chancellor and lacked conclusiveness of character. The chancellor's action was not final on the subject. As he observed in Lynde v. Lynde (supra), referring to the law of New Jersey: 'The statute exhibits an intention that the subject shall be continuously dealt with according to the varying condition and circumstances of the party.' The provision of the Federal Constitution, which requires that full faith and credit shall be given to the judicial proceedings of another state, in my opinion, should be deemed to relate to judgments, or decrees, which not only are conclusive in the jurisdiction where rendered, but which are final in their nature. If they, once and for all, establish a debt, or other obligation, against a party, the record is available in other jurisdictions as a foundation for a judgment there."

The Supreme Court of the United States in its affirming opinion said, through Mr. Justice Gray:

"By the Constitution and the act of Congress, requiring the faith and credit to be given to a judgment of the court of another State, that it has in the State where it was rendered, it was long ago declared by this court: 'The judgment is made a debt of record, not examinable upon its merits; but it does not carry with it, into another state, the efficacy of a judgment upon property or persons to be enforced by execution. To give it the force of a judgment in

another State, it must be made a judgment there; and can only be executed in the latter as its laws may permit.' * * * The decree of the Court of Chancery of New Jersey, on which this suit is brought, provides, first, for the payment of $7,840 for alimony already due, and $1.000 counsel fee; second, for the payment of alimony since the date of the decree at the rate of $80 per week; and third, for the giving of a bond to secure the payment of these sums, and, on default of payment or of giving bond, for leave to apply for a writ of sequestration or a receiver and injunction. The decree for the payment of $8,840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision for the payment of alimony in the future was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum. The provisions for bond, sequestration, receiver and injunction, being in the nature of execution, and not of judgment, could have no extra-territorial operation."

The defendant in error relies on Barber v. Barber, 21 How. 582, 16 L. Ed. 226. That case, however, was reviewed at considerable length by the Court of Appeals of New York in its opinion in Lynde v. Lynde, supra; and it cannot reasonably be assumed that, when the latter case was under consideration by the Supreme Court of the United States on writ of error, Barber v. Barber was overlooked by that tribunal. On the contrary, it fairly may be assumed that the Supreme Court took the same view as the Court of Appeals did of the decision in Barber v. Barber. In so far as that decision is inconsistent with Lynde v. Lynde on the point now under discussion, if there be any inconsistency, it must be considered as overruled, or at least modified, by the later case. We regard Harding v. Harding, 198 U. S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066, cited on behalf of the defendant in error as wholly inapplicable to the matter in hand. We think that neither principle nor authority warranted the bringing of any action in Pennsylvania on the New York judgment or decree so far as it provided for the payment of alimony and maintenance to accrue thereafter, and that there was error on the part of the court below in rendering the judgment complained of on the question reserved. But the New York judgment or decree, with respect to the alimony and maintenance due and payable on its rendition and the costs, represents a fixed, unconditional and absolute liability for which suit might be maintained elsewhere than in New York in any court of competent. jurisdiction. The defendant in error sued in the court below for the recovery not only of the amount of such fixed liability, but also of the alimony and maintenance to accrue only after the rendition of the New York judgment or decree, together with interest on the several sums. We have no reason to believe or even suspect that in thus suing she attempted or meditated any fraud upon the jurisdiction of the court below, founded upon the amount of the matter in dispute. It is but reasonable to assume that her claim as set forth in her declaration or complaint fairly represented the amount really and bona fide in controversy so far as she is concerned, and, therefore to conclude that the court below had jurisdiction. Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255. The judgment below included not only $2,010 representing alimony and maintenance accruing after the rendition of the New York judgment or decree but also legal interest thereon to the date of taking the ver-

dict on which the judgment below was entered; that sum with such interest amounting to $2,258.90. The plaintiff below had no right to recover any portion of the future alimony and maintenance or interest thereon, represented by the sum last above mentioned, and the excess of the amount of the judgment over that sum being "less than the sum or value of five hundred dollars exclusive of interest," she was not entitled to recover costs in the action below. Rev. St. § 968 [U. S. Comp. St. 1901, p. 702].

In view of the foregoing considerations we are of opinion that, unless the plaintiff below or her proper representative shall within thirty days next after the date of filing this opinion enter upon the record of the judgment below a remittitur as to the sum of $2,258.90, parcel of the amount thereof, together with legal interest on that sum, and as to all costs in the action below, and shall within the same period of thirty days file in this court a certified copy of the remittitur so entered upon the record below, the judgment below should, at the expiration of that period, be reversed with costs both in this court and in the court below; but that upon the entry upon the record of the judgment below by the plaintiff or her proper representative within the above mentioned period of thirty days of such remittitur and the filing within that period of a certified copy thereof in this court, as above mentioned, the judgment below should stand and be affirmed as to the residue of the amount thereof, the plaintiff below, defendant in error, however, to pay costs in this court. And it is now so ordered and adjudged, and that the mandate of this court issue upon the expiration of the above mentioned period of thirty days, and, further, that the clerk of this court do forthwith transmit to the parties or their counsel of record certified copies of this opinion and order.