### VALIQUET v. VALIQUET.

(Circuit Court, D. New Jersey. June 28, 1909.)

DIVORCE (§ 331*)—FOREIGN DIVORCE— JUDGMENT FOR ALIMONY—ACTION ON.

. A decree in a suit for divorce requiring the defendant to pay to the complainant during her lifetime a stated sum per week as alimony is not final in character nor does it establish any fixed and certain liability against the defendant for installments not due which will sustain an action at law or a suit in equity in a court of another state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. § 331.*]

In Equity. Suit by Agnes Valiquet against Louis P. Valiquet. On demurrer to bill. Demurrer sustained.

John G. Pheil, for complainant.
William. P. Martin, for defendant.

CROSS, District Judge. The facts set up in the bill of complaint, summarized, are: That the complainant is a resident and citizen of the state of New York, and that the defendant is a resident and citizen of the state of New Jersey. That on November 13, 1893, the complainant, then being the wife of Louis P. Valiquet, the defendant, instituted an action for divorce from the bonds of matrimony against him in the Supreme Court of the state of New York, held in and. for the county of Kings, in said state, of which state both the complainant and defendant were then residents. That such proceedings were thereon had that on July 19, 1894, a decree was entered. in said court

---

that the marriage between the complainant and the defendant be dissolved, and that the complainant be freed from the obligation thereof. That it was also thereby decreed that the complainant should have leave to apply at the foot of said decree for such other and further relief as she might thereafter become entitled to have. That pursuant to said decree the complainant afterwards applied to one of the justices of said Supreme Court, at a Special Term of said court held in the county of Kings January 9, 1902, for permanent alimony and counsel fees in said action. That counsel having been heard by said court, it was decreed, among other things:

"That said defendant pay to your oratrix the sum of $12 per week during her natural life, as a suitable allowance to your oratrix for her support and maintenance, and that said allowance be paid in manner following, that is to say: That the said sum of $12 be paid as aforesaid into the hand or upon the order of your oratrix, at the office of Geo. F. Elliott, Esq., 215 Montague street, in the borough of Brooklyn, city of New York, and state of New York, as of Wednesday, the 8th day of January, 1902, and a like sum on each succeeding Wednesday during the natural life of your oratrix, and that the above-mentioned decree of divorce be amended to that effect."

That pursuant to said decree the defendant, still being a resident of the city and state of New York, paid to the complainant, at divers times up to January 28, 1905, the sum of $1,848, being the alimony awarded her by said decree to December 28, 1904. That since the above date the defendant has not paid the complainant any other or further sum under said decree, except the sum of $50 paid her on or about June 22, 1905. That the defendant removed from the jurisdiction of the state of New York in the late summer of 1905, and since that time has willfully remained away from that jurisdiction for the purpose, as the complainant believes and charges, of escaping the payment of any further alimony, and that he now resides at the city of Newark, in this state. That two certain orders were procured from judges of the Supreme Court of New York, requiring the defendant to show cause why he should not be punished for failure to make the payments directed by said decree. That said orders were never served upon the defendant. That there is now due and owing to the complainant the sum of $2,494, with interest, for alimony accrued under and since the said decree, after making allowance for all payments made on account thereof. That the defendant has no real or personal property in the state of New York. That he is now, and always has been, in receipt of a good salary, and that he has at all times been, and is, well able to pay the complainant for alimony according to the said decree.

The bill of complaint closes with the prayer that the said decree may be given full force and effect in the state of New Jersey, that the defendant may be compelled to carry out the terms of said decree as fully as if he were within the state of New York, and that upon final hearing he may be directed and decreed to pay the said sum now remaining due to the complainant by virtue of said decree of the New York Supreme Court, and that he may be directed and decreed to continue the payment of alimony according to the terms of said decree, and also her costs of suit, with reasonable counsel fee, and that she may have such other and further relief in the premises as may be

agreeable to equity. The bill has been demurred to, and a large number of causes assigned. It will be unnecessary, however, to consider them in detail. The only question requiring decision is whether the foreign decree, upon which the suit is based, is of such a character that it will support the present suit.

It will be noticed that the decree was dated January 9, 1902, and the only alimony then due and thereby decreed to be paid was $12, which was to be paid as of January 8, 1902. The bill, however, admits payment to the complainant, under the decree, of $1,848, and it must therefore be assumed that included therein was the $12 decreed to be due and payable when the decree was signed. In other words, the bill shows that all of the alimony which had accrued, according to the decree, at or prior to the time it was entered, has been paid. As to the alimony thereafter and from time to time made payable, the decree was not a final judgment for a fixed sum; consequently the case is ruled by Israel v. Israel, 148 Fed. 576, 76 C. C. A. 32, 9 L. R. A. (N. S.) 1168, in which Judge Bradford, speaking for the Circuit Court of Appeals for the Third Circuit, dealt with the question now presented in so able and exhaustive a manner as to render it quite unnecessary for me to attempt a restatement of his argument.

The complainant rests her case upon Barber v. Barber, 21 How. 582, 16 L. Ed. 226. That case, however, is passed upon by the Court of Appeals in Israel v. Israel, and held to be "overruled, or at least modified," by the later case of Lynde v. Lynde, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810. There is no difference between the case of Israel v. Israel, ubi supra, and that at bar, except that the former was an action at law, while this is a suit in equity; but the principle there laid down, and the one upon which the case turned, was so broad and comprehensive that it unquestionably controls this suit as absolutely as though it were an action at law. The foreign decree sued on herein was not final in character, and did not establish any fixed and certain liability against the defendant beyond what has been paid, and which, if it were unpaid, would be insufficient in amount to confer jurisdiction upon this court.

The demurrer will be sustained, with costs.