Statement of the Case.
MONROE, C. J.
In 1916, the litigants herein, being husband and wife, lived in Wisconsin, and, the husband having sued the *83 wife for divorce, there was judgment, November 3, 1916, dismissing his suit, and further, as follows:
“That defendant be awarded the sum of $80 per month as, and for, her support, * * * the first payment to be made as of September 15, 1916; that defendant be awarded the further sum of $132.50, said sum being arrears in temporary alimony heretofore ordered paid. * * * ”
In 1917, the parties were apparently living in New Orleans, and the wife (plaintiff herein) brought this suit in the civil district court, and on March 5, 1917, obtained a judgment of divorce which also awarded her alimony from that date, at the rate of $100 per month. Defendant then owed plaintiff six months’ alimony, under the Wisconsin judgment, plus the $132.50, therein mentioned, and thereafter became indebted to her at the -rate of $100 per month under the judgment of the civil district court. In June, 1918, she caused execution to issue, under the judgment last mentioned, for the balance due thereon; whereupon defendant obtained an injunction, alleging that the judgment had been more than paid. He, upon the same day (June 5, 1918), ruled plaintiff to show cause why the amount awarded her should not be reduced to $50 per month, and about that time plaintiff ruled him to show cause why the injunction should not be dissolved, on the ground that the amount for which the execution issued had not been paid, as alleged, but was still due, and, the two rules having been tried, together with the injunction suit, on its merits, there was judgment reducing the amount allowed for alimony to $50 per month, reducing the amount for which defendant claimed to be credited upon the judgment enjoined, from $1,854.21, by three amounts ($480, $42.50, and $232.50) aggregating $755, dissolving the injunction to that extent, and otherwise maintaining it. Defendant has appealed, and plaintiff has answered praying that the alimony be restored to $100 and. that the reduction from the credit allowed defendant be increased.
Opinion,
Defendant offered in evidence various checks said to show payments to plaintiff, but they were not filed in evidence, and, as well as we can determine without them, the total amount for which he claims credit is $1,854.21, which includes four items which should be deducted, to wit: An item of $232 (made up of $132 [should be $132.50] paid on the Wisconsin judgment, and $100 devoted to the payment of plaintiff’s attorney); $480 paid on the Wisconsin judgment; and two items of $150 and $42.50, respectively, representing premiums of insurance paid on a policy of $5,000 which defendant voluntarily took out on his life for the benefit of' plaintiff. It is evident that the payments of $132 and $480, respectively, are not to be credited on the judgment herein rendered, since they were paid on a pre-existing obligation, and defendant so admits in his testimony, as he also admits that the premiums of insurance were paid in conformity with an agreement with his wife in order that she may have something to look to in the event of his death. Besides which, it is obvious that plaintiff can neither eat, nor wear, nor obtain shelter from premiums paid on a policy of insurance, nor yet on a fee paid to her attorney in obtaining her divorce, and the evidence shows that she is entirely destitute and helpless from a serious accident. She says in her testimony: “I have nothing whatever. I haven’t even got clothes.”
We have carefully considered the testimony of the defendant upon the subject of his ability to pay alimony and, without going into the details of his affairs, are of opinion that $100 a month was rather more than he was able to pay, in July, 1918, when the judgment appealed from was rendered. On the other hand, we think that he could pay $75, and, if so, should pay that amount at this time, and there will be judgment in accordance with that view.
’ We conclude that plaintiff’s account with *85 defendant, under, the judgment of March 15, 1917, and up to July 15, 1918 (the judgment appealed from having been signed July 18, 1918), stands as follows:
Alimony, March 15/17 to July 15/18 — 16 mos. at $100.00 .................................... $1,600 00
Less payments oh account................... 1,005 00
Bal. due ................................... $ 595 00
It is therefore ordered and decreed that the judgment appealed from be amended, by increasing the award of alimony, as therein made, from $50 to $75 per month, beginning on July 15, 1918, and reserving to plaintiff the right to demand a further increase hereafter; by fixing the arrearage of alimony to which plaintiff was and is entitled, for the period from March 15, 1917, to July 15, 191S, at $595; awarding her judgment for that amount with interest thereon at the rate of 5 per cent, per annum from November 15, 1917, until paid; dissolving the injunction sued out by defendant to the extent that it restrained the collection of that amount; and condemning the defendant (plaintiff in injunction) to pay additional interest at the rate of 5 per cent, per annum, and 20 per cent, upon said amount as damages for the wrongful issuance of that writ; by otherwise maintaining said writ of injunction, condemning the defendant and plaintiff to pay the costs of the district court in the proportions of three-fourths by defendant and one-fourth by plaintiff, and condemning defendant to pay the costs of this appeal.