The conviction and sentence for contempt are annulled.

DAWKINS, OVERTON, and LAND, JJ., dissent, and think the conviction of contempt should be set aside, and the lower court instructed to give the applicant a contradictory hearing.

---

(97 South. 303)

No. 25486.

### HILLMAN v. GALLANT.

(June 4, 1923. Rehearing Denied July 11, 1923.)

*(Syllabus by Editorial Staff.)*

Divorce ⬤⟳245(2)—Increase in alimony held properly denied, in view of husband's earnings.

Where husband's net earnings for 16 months, including unusual fee as expert witness, averaged only $252.09 a month, while average for the last four months of such period was only about $90, refusal to increase alimony previously awarded in the sum of $75 a month, *held* not error.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by Mrs. Hannah M. Hillman against Benjamin F. Gallant. From judgment dismissing rule seeking increase in alimony, plaintiff appeals. Affirmed.

Woodville & Woodville, of New Orleans, for appellant.

McCaleb & McCaleb, of New Orleans, for appellee.

ROGERS, J. This is an appeal from a judgment dismissing a rule taken by plaintiff, the divorced wife of defendant, seeking an increase in the amount of alimony awarded her by this court in the divorce proceedings. See Hillman v. Gallant, 148 La. 82, 86 South. 661. The increase sought is from $75 to $500 a month.

The issue is entirely one of fact. Without going into detail, it is sufficient to state that the testimony offered on the trial of the rule fails to show any substantial change in the income of the respondent since our former decree, which became final November 29, 1920. From January 1, 1921, to May 1, 1922 (the rule having been filed on April 25, 1922), a period of 16 months, respondent's net earnings (including an uncommon expert witness fee of $3,250 in 1921, allowed him in certain litigation pending in the state of New York) were $4,133.52, or an average monthly income of $252.09, one-third of which is $84.03 a month. For the first four months in 1922 respondent's income was $362, or at the rate of $90 a month, without any prospect, as shown by the evidence, of his being able to earn any unusual fee during the remainder of the year.

The trial judge, who saw and heard the witnesses, dismissed the rule. In so doing we think he was correct.

Judgment affirmed.