**STOUT v. STOUT.**

No. 6386.

Court of Civil Appeals of Texas. Texarkana.

Sept. 23, 1948.

Rehearing Denied Oct. 28, 1948.

Fred Erisman and Wm. Hrwitz, both of Longview, for appellant.

Falvey & Painter, of Longview, and Eugene J. Coen, of Shreveport, La., for appellee.

HALL, Chief Justice.

This suit was instituted by appellee against appellant in the District Court of Gregg County, Texas, for money due by appellant to her for alimony and child support under a judgment entered by the District Court of Caddo Parish, Louisiana. Judgment was entered by the District Court of Gregg County awarding appellee $1920.00 as accrued alimony and child support under the Louisiana judgment.

Appellant asserts by his two points that the trial court erred in holding that the judgment entered by the Louisiana District Court granting the divorce between the parties and making the award of alimony to appellee and support for her minor child "was not such a final judgment as would be entitled to full faith and credit under Art. 4, Sec. 1 of the Constitution of the United States." These points present the controlling question here.

The facts are undisputed. The judgment of the District Court of Louisiana with respect to alimony and child custody provides:

"It is further ordered, adjudged and decreed that Homer H. Stout be, and he is hereby condemned to pay to Lucy Mae Crawford Stout, alimony at the rate of Fifty ($50.00) Dollars monthly, due and payable beginning October 15, 1941; that Homer H. Stout be and he is hereby condemned to pay to Rosemary Stout Twenty-five ($25.00) Dollars monthly, beginning October 15, 1941, and that all such payments of alimony to the said Rosemary Stout to be paid to Lucy Mae Crawford Stout, her mother, at the same time as the payment of alimony to the said Lucy Mae Crawford Stout; that the alimony, payable to Lucy Mae Crawford Stout, to continue indefinitely, so long as she remain in necessitous circumstances, or until she should remarry, and as to the minor, Rosemary Stout, such payments of alimony to continue until she reaches the age of majority."

The Louisiana Civil Code, Art. 160, provides:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this state a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.

"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."

Same Code, Art. 232, provides:

"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part the discharge from or reduction of the alimony may be sued for and granted."

The construction given by the Supreme Court of Louisiana to a judgment such as the one here involved, as well as to pertinent statutes forming the basis for its entry is controlling here and we must be governed thereby. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061; Criteser v. Gaffey, Tex.Com.App., 222 S. W. 193.

In Barber v. Barber, 21 How. 582, 16 L.Ed. 226, it is said:

"The parties to a cause for a divorce and for alimony are as much bound by a decree for both, which has been given by one of our state courts having jurisdiction of the subject-matter and over the parties, as the same parties would be if the decree had been given in the ecclesiastical courts of England. The decree in both is a judgment of record, and will be received as such by other courts. And such a judgment or decree, rendered in any state of the United States, the court having jurisdiction, will be carried into judgment in any other state, to have there the same

binding force that it has in the state in which it was originally given * * *

"* * * Alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is."

Approving and following the above holding it is said in Sistare v. Sistare, supra [218 U.S. 1, 30 S.Ct. 685]:

"And it is, we think, clear from the context of the opinion, that the court held that the decree in favor of Mrs. Barber operated to cause an indebtedness to arise in her favor as each instalment of alimony fell due, and that a power to modify, if exerted, could only operate prospectively."

The Supreme Court of Louisiana in Snow v. Snow, 188 La. 660, 177 So. 793, had before it a case very similar in point of fact to the case at bar. In that case the Louisiana Supreme Court took occasion to review the case of Gallant v. Gallant, 154 Miss. 832, 123 So. 883, by the Supreme Court of Mississippi (relied on here by appellant) which had theretofore construed a Louisiana judgment for alimony as not being final under the Louisiana Civil Code. With respect to said holding by the Mississippi Supreme Court the Louisiana Supreme Court said [188 La. 660, 177 So. 799]:

"The Supreme Court of Mississippi, after reviewing some of the Louisiana decisions which we have referred to, came to the conclusion that the Louisiana judgment for alimony was not a final judgment, and hence not protected by the full faith and credit clause, because the judgment was subject to revocation or amendment, by the court that rendered the judgment, for the causes prescribed by the law of Louisiana. The opinion rendered by the Supreme Court of Mississippi is a very thorough and very able discussion of the subject; and the decree which was rendered, in so far as it was founded upon the authority of the Louisiana courts to annul or amend a judgment for alimony for any of the causes specified in article 160 or article 232 of the Civil Code, might be considered well founded. But we do not construe the opinion or decree rendered by the Supreme Court of Mississippi, in Gallant v. Gallant, as meaning that a Louisiana court that has rendered a judgment for alimony in favor of a divorced woman *may annul or amend the judgment for an amount that has become delinquent since the judgment was rendered, on the debtor's showing that he was financially unable to pay the alimony when it came due, or afterwards.* If a judgment for alimony is not more substantial than that it is of little or no value or protection to the one in whose favor it is rendered. There is no reason why a judgment for alimony, as to the amount which has become past-due since the judgment was rendered, should not be protected by the provision in Article 548 of the Code of Practice, that a judgment, when once rendered, becomes the property of the one in whose favor it has been given, and cannot be annulled or amended except by the method and for the causes prescribed by law.

"In 4 Tulane Law Review, 660, is an editorial comment on the decision in Gallant v. Gallant, in which the editor concludes *that the decision would be wrong if construed to mean that the Civil Code of Louisiana authorizes the court to increase or reduce installments of alimony already accrued.*" (Italics ours.)

The judgment here appealed from is for past due alimony and past due child support. There is no dispute about this fact in the record. From the holdings in the above cited authorities we think it clear that for alimony and child support already accrued in favor of appellee and her minor child at the time suit was instituted in Gregg County, the judgment of the District Court of Louisiana was a final one and entitled to full faith and credit by the District Court of Gregg County, Texas, under Art. 4, Sec. 1, of the Constitution of the United States.

The judgment of the trial court is in all things affirmed.