WALKER, Justice,
for the Court:
This is an appeal from a decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, wherein appellant was found to be $10,000 in arrears in child support payments allegedly due under a South Carolina decree of divorce.
The appellee, Cecil Ruth Windham Blake-ney and the appellant, Will D. Windham, were married in Taylorsville, Mississippi, on September 6, 1954. During the period of said marriage there were two children born: Michelle Windham born November 28,1956, and Charles Randall Windham born April 14, 1958. The bonds of matrimony were wholly dissolved by decree of divorce in the County Court of Charleston, South Carolina, on 'May 26, 1964. The divorce decree provided that the appellant was to pay $100 per month for each child or $200 per month total child support and further that the appellant was to pay attorney’s fees. Appellant paid the monthly installments until March of 1970, at which time he retired from the United States Navy. Subsequent to that date appellant refused to make any more payments. Appellee demanded payment of the appellant and the appellant refused to pay.
Appellee filed her bill of complaint for child support in March, 1973, praying that the South Carolina decree be enforced in this State and that defendant be ordered to pay the amount in arrears and future child support. After several false starts, a hearing was finally held on June 28, 1976, in Hinds County Chancery Court, after which a decree was entered that found appellant to be in arrears in the amount of $10,000, and ordered that he pay appellee that sum plus $100 per month thereafter for the support of the one remaining minor child.
Appellant’s first assignment of error is that the court should not have granted appellee the relief sought in that the South Carolina decree may be retroactively modified by the South Carolina court as to otherwise accrued payments of child support, and therefore said decree is not a final decree subject to enforcement in Mississippi. It appears to be the law in South Carolina that decrees granting alimony and child support “. . . even though they be deemed final when rendered, . . . are subject to modification on a proper showing of altered financial circumstances. And, this modification may operate prospectively as well as retroactively with reference to installments.” (Emphasis added). Johnson v. Johnson, 196 S.C. 474, 13 S.E.2d 593 (1941). In Gallant v. Gallant, 154 Miss. 832, 123 So. 883 (1929), this Court held that the alimony decree of a Louisiana court was one which could be annulled, varied or modified by the Louisiana court and therefore was not enforceable in Mississippi under the full faith and credit clause of the United States Constitution. See generally Bunkley & Morse’s Amis Divorce and Separation in Mississippi § 6.15 (1957).
Appellee attempts to avoid the effect of Gallant by arguing that the South Carolina rule as to modification of past due installments is operative only in cases where the wife seeks to have the husband held in contempt of court. However, an examination of Ex parte Jeter, 193 S.C. 278, 8 S.E.2d 490 (1940) does not indicate that the South Carolina Supreme Court intended to limit its ruling in any way. The holding *788 was broadly based upon the inherent power of an equity court “. . .to make such changes in the amount of alimony originally granted by the Court for a wife’s support and separate maintenance, as the altered conditions of the parties may show to be equitable and necessary . . . (8 S.E.2d at 492.) Because the decree of the South Carolina court in the case at bar was modifiable as to past due child support payments and future payments, we hold that said decree is not enforceable in Mississippi under the full faith and credit clause of the United States Constitution.
Appellee next contends that even if the South Carolina decree is not entitled to full faith and credit, it should be enforced under the doctrine of comity. Comity has been defined as follows:
The principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. (Black’s Law Dictionary (4th ed. 1968)).
Under the doctrine of comity, the forum state applies its own remedies and enforcement procedures to rights existing by virtue of foreign substantive law. Floyd v. Vicksburg Cooperage, 156 Miss. 567, 126 So. 395 (1930). In this case, the rights of the parties existing by virtue of South Carolina law include the right of appellant to present his case for modification of unpaid accrued installments in any action brought on the original decree by appellee. See Ex parte Jeter, supra. Thus, in order for the Chancery Court of Hinds County to apply the substantive law of South Carolina in this proceeding to establish the judgment here, it would have to modify the South Carolina decree if the evidence should so warrant. However, we adhere to the general rule that a decree or judgment of one jurisdiction may not be changed, altered, or modified by a court of a foreign jurisdiction. 21 C.J.S. Courts § 552 (1940); see also Gallant v. Gallant, supra. Therefore, since the substantive law of South Carolina is not capable of being applied by the Chancery Court of Hinds County, we are of the opinion that the lower court erred in reducing the foreign decree to a domestic judgment.
We would point out that since the parties, including the minor child, now reside in this State, that the appellee may file a petition as provided under Mississippi Code Annotated section 93-11-65 (1972) for the support and maintenance of said child. See also Schneider v. Schneider, 155 Miss. 621, 125 So. 91 (1930).
The judgment of the lower court is therefore reversed and the bill of complaint dismissed.
REVERSED AND RENDERED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.