367 So.2d 925 (1979)
William H. HINDS
v.
Mary Ann PRIMEAUX.
No. 50876.
Supreme Court of Mississippi.
February 14, 1979.
*926 William M. Frisbie, Bay St. Louis, for appellant.
Estes & Estes, George E. Estes, III, Gulfport, for appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellee filed her suit in the Chancery Court of Hancock County to enforce a Louisiana decree awarding her monthly child support payments by the defendant as a part of a Louisiana divorce decree. The chancellor awarded appellee a decree in the total amount of past due child support payments. Appellant in this appeal alleges four principal assignments of error, namely:
1. The suit was barred by the Mississippi Statute of Limitations;
2. The court erred in not granting appellant a continuance;
3. The court erred in overruling appellant's motion to set aside the decree and permit appellant to present evidence of his inability to pay prior to being cited for contempt; and
4. The Louisiana child support decree was not final; was subject to revocation by the Louisiana court, and, therefore, was not a foreign decree that could be enforced by the Mississippi court under the full faith and credit clause of the United States Constitution.
The permanent decree awarding appellee a divorce from appellant and requiring appellant to pay appellee the sum of $325 per month as child support was rendered by the proper court of Lafayette Parish, Louisiana, on June 6, 1969. In September, 1973, the appellant having paid nothing toward the *927 monthly support requirements of the decree, the Louisiana court, on petition of appellee, reduced the past due monthly payments to a final judgment as of that time. Execution was then levied on that judgment. Soon thereafter, appellant moved to Harrison County, Mississippi. Appellee's present suit requested a judgment in the total amount of all unpaid and past due support payments subsequent to September, 1973.
It is clear that Mississippi Code Annotated section 15-1-45 (1972) does not prohibit appellee from bringing suit for payments due after September, 1973. This statute of limitations permits such a suit if brought within seven years after the rendition of the decree. As hereinafter will be discussed, this limitation period was applicable only after September, 1973.
Regarding the alleged error in not granting a continuance, this question in reality is moot due to the undisputed proof in the case. Regardless of this, appellant knew of the trial date for several months and had ample opportunity to prepare for trial.
At the conclusion of the trial, the lower court granted appellee a judgment in the amount of $16,250, representing the total child support payments due from September, 1973, until the trial date. He then ordered appellant to pay $5,000 toward the decree within eight days after the decree and the balance of $11,250 within sixty days thereafter. Seven days after the final decree, appellant's attorney filed a motion to set aside the decree, particularly the immediate payment part, and permit him to have a hearing as to appellant's ability to make these payments. This request was denied and three days later the lower court issued an order directing that appellant be summarily arrested and incarcerated in the Hancock County Jail until he purged himself of contempt of court.
The above actions of the lower court were erroneous. This Court has held that the judgment debtor of a judgment such as in the case at bar is at least entitled to a hearing. This was refused and appellant was jailed without a hearing. We realize that the lower court could not have had much sympathy for appellant because of his prior actions. However, this did not relieve the lower court of its duty to follow constitutional guidelines and permit appellant and his attorney to present mitigating circumstances. At the least the court should have made an inquiry as to appellant's ability to abide by the court's order to pay the entire accumulated judgment within a very short time.
The cause cannot be reversed because of the court's error in the above regard. An order was entered a week after appellant's commitment to jail permitting this appeal. A reversal on the error stated would be of no avail due to the passage of time and the correct finding of the court granting appellee a judgment.
Appellant contends that the Mississippi Court erroneously gave appellee a judgment under the full faith and credit clause of the United States Constitution. He contends that the Louisiana decree of June, 1969, ordering appellant to pay monthly child support payments was not final for the reason that any time the Louisiana court could reverse the cause and could either reduce or eliminate past due support payments.
Appellant relies on the Mississippi Supreme Court case of Gallant v. Gallant, 154 Miss. 832, 123 So. 883 (1929). There this Court had a similar question before it regarding a Louisiana decree for support. The Court, through Justice Cook, issued an opinion regarding this question and discussed cases where the decree sued on was rendered in many states other than those from the State of Louisiana. The Court, in a well reasoned opinion, concluded that the court of this state could not give full faith and credit to decrees of other states under periodic support payment requirements when that state's court retained such jurisdiction over the cause as to be able to amend or revise the decree ab initio. The Court, after discussing the Louisiana laws and cases, stated:

*928 We conclude, therefore, that the decree of the Louisiana court is one that may be annulled, varied, or modified by the court rendering it, and consequently is not, as to such alimony, enforceable in this state under the full faith and credit clause of the Constitution.
It should be noted that the term "alimony" under the laws and procedure of Louisiana includes child support payments.
In 1937, the Supreme Court of Louisiana issued its opinion in the case of Snow v. Snow, 188 La. 660, 177 So. 793, wherein the same question was involved as was before the Mississippi Supreme Court in Gallant, supra. The Louisiana Supreme Court, although complimenting the well-reasoned opinion of the Mississippi Supreme Court in Gallant, held definitely that this Court was in error and that under Louisiana law [which is the same today] the past due child support payments could not be annulled, varied or modified by the court rendering the decree requiring such payments, and consequently held that the lower court "had no authority to release the defendant from his debt for the past-due installments of alimony" [child support payments]. This positive pronouncement by the Louisiana Supreme Court has been reaffirmed in several cases, including Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Snow v. Snow, 188 La. 660, 177 So. 793 (1937); Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947); Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89 (1950); and Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950). In those cases, the Louisiana Supreme Court specifically held:
The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law.
It suffices to say that any exception to the law as pronounced by the Louisiana Court does not include the suit brought by appellee in the present case.
It is therefore necessary that we overrule the Mississippi case of Gallant v. Gallant, supra, insofar as it held that the Louisiana laws and decisions required a finding that the monthly child support payments were not final and, therefore, not enforceable in Mississippi under the full faith and credit clause of the Constitution. The Gallant opinion is still correct as it applies to those jurisdictions that retain such control over alimony and child support decrees so that past due payments may be changed or modified.
It necessarily follows that the lower court was correct in granting a decree in favor of appellee for the total amounts due under the prior Louisiana decree. As stated before, the amount of support payments at the time of the trial was in the total sum of $16,250. It developed at the trial, however, that during the years appellant had forwarded direct to his children for specific uses such as trips, Christmas, and a horse the total sum of $1,425. In our opinion he should be credited with this amount on the total judgment. We therefore amend the decree of the lower court and grant judgment here in the sum of $14,825 as of October 27, 1977, rather than the sum of $16,250 decreed by the lower court. This does not bar appellee from reducing subsequent unpaid payments to judgment or taking any other action available under Mississippi laws.
The cause is therefore affirmed in part, reversed in part and judgment entered here in the sum of $14,825.
AFFIRMED IN PART, REVERSED IN PART, AND JUDGMENT HERE.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
SMITH, P.J., took no part.