## CRITESER et ux. v. GAFFEY.
### (No. 161–3152.)

(Commission of Appeals of Texas, Section A. June 2, 1920.)

1. Divorce &#9901;&#8594;331—Foreign decree for alimony not entitled to full faith and credit even as to alimony already due.

As the Oregon Supreme Court has construed the state statutes as clothing the court rendering judgment for alimony with power to set aside as well as to alter or modify a provision for permanent alimony or allowance, as the exigencies of the case may require, and where an allowance is made for support and maintenance, the decree of annulment may be made to operate retrospectively, a judgment for alimony granted by the circuit court of Oregon for support and maintenance is not, as to installments already accrued, entitled to be given effect under the full faith and credit clause of the federal Constitution (article 4, § 1).

2. Divorce &#9901;&#8594;331—Foreign judgment for alimony subject to modification not entitled to full faith and credit.

Where the right to installments of alimony becomes absolute and vested upon becoming due, the judgment providing therefor is protected by the full faith and credit clause of the federal Constitution (article 4, § 1) as to such installments, but that rule does not apply where, by the law of the state in which the judgment for future alimony is rendered, the right to demand and receive the same is discretionary with the court rendering the judgment to such an extent that no vested right attaches.

3. Courts &#9901;&#8594;95(2)—Decision of highest courts of state construing its statutes binding on courts of other jurisdictions.

The decision of the highest courts of the state construing its statutes is binding on courts of other jurisdictions.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by L. G. Criteser and wife against O. E. Gaffey. A judgment for plaintiffs was, on appeal by both parties, reformed and affirmed by the Court of Civil Appeals (195 S. W. 1166), and plaintiffs bring error. Judgment of Court of Civil Appeals affirmed.

S. P. Jones, of Marshall, and T. P. Harte, of Douglas, Ariz., for plaintiffs in error.

F. H. Prendergast, of Marshall, for defendant in error.

SPENCER, J. L. G. Criteser and wife, Josephine Criteser, instituted this suit to recover of O. E. Gaffey upon a judgment for alimony which Josephine Criteser, the former wife of Gaffey, had obtained in the circuit court of Oregon, before her marriage to L. G. Criteser. The decree of the Oregon court allowed her $125 attorney's fee and the sum

---

of $50 per month alimony, with interest on the amounts. The district court of Harrison county rendered judgment for alimony accruing during the six months intervening between the decree of divorce and the marriage of Josephine Gaffey to L. G. Criteser, and also for attorney's fees, with interest on both amounts. Upon appeal the Court of Civil Appeals reformed the judgment so as to permit a recovery of attorney's fees with interest, but denying recovery for any alimony, and, as reformed, affirmed the judgment. 195 S. W. 1168.

[1-3] The only question for determination is: Is the judgment rendered by the circuit court of Oregon entitled to be given effect under the full faith and credit clause of the federal Constitution? The case turns, we think, upon the construction to be given the statutes of Oregon as construed by the courts of that state in connection with the rule announced by the Supreme Court of the United States in the case of Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061.

The case of Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, lays down this general rule and exception:

"First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the Barber Case, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.'

"Second, that this general rule, however, does not obtain where by the law of the state in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the. decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

The construction given the Oregon alimony statute by the Supreme Court of that state in the case of Brandt v. Brandt, 40 Or. 477, 67 Pac. 508, brings the judgment within the exception to the general rule set forth in the Sistare Case. In the Brandt Case the Oregon court held that the court rendering judgment for alimony is clothed with power adequate to set aside as well as alter or modify a provision for permanent alimony or allowance, as the exigencies of the case may require, and where the allowance, as in this case, is made as a matter of support and maintenance the decree of annulment may be made to operate restrospectively.

The Sistare Case is relied upon by both parties as supporting their respective views. In that case the Connecticut court held the view that the decisions by the appellate court of New York were to the effect that the court rendering judgment for alimony had the power to set aside, to annul, vary, or modify the judgment so. rendered, and that such act of the court could be made to operate retrospectively. Mr. Justice White disagreed with the Connecticut court in holding that the New York courts held to such a view. The New York statute was construed by him. That portion having reference to the question at issue reads:

"The court may, by order, upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, annul, vary or modify such directions. But no such application shall be made by a defendant unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained."

In the absence of an authoritative construction of the New York statute by the New York courts Justice White concluded that authority was not given by the statute to annul or set aside installments of alimony which had already become due. Such is not the case, however, in this instance. As stated, the Oregon court has construed the statute under which the judgment for alimony was allowed, and we are bound by the construction given.

It is recommended, therefore, that the judgment of the Court of Civil Appeals reforming and affirming the case be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.