LUCILE W. GARD V. JAMES ARTHUR GARD.

No. A-3168. Decided July 11, 1951.
(241 S. W., 2d Series, 618.)

*Mrs. Mae M. Ament,* of Alpine, for petitioner.

This being a suit for installments that had matured under a valid, subsisting and unmodified Idaho court judgment which the Supreme Court of Idaho has held gives petitioner an absolute and vested right to receive and recover such installments, the Honorable Court of Civil Appeals could not do otherwise than follow the Supreme Court of Idaho and give full faith and credit to the judgment here sued on. Quinn v. Quinn, 216 S. W. 1001, Error refused, N.R.E., 147 Texas 665; Smith v. Scott, 72 S.W. 2d 951; Simpson v. Simpson, 51 Idaho 99, 4 Pac. 2d 345.

*Alfred E. Creigh, Jr.,* of Alpine, for respondent.

The trial court erred in failing to sustain defendants objection to admissions in evidence and the taking of judicial notice of the Idaho Code and judgment, and the Court of Civil Appeals correctly remanded the cause. John Hancock Ins. Co. v. Stanley, 215 S.W. 2d 416; Milner v. Schaefer, 211 S.W. 2d 600; Schulter v. Sell, 194 S.W. 2d 125.

, MR. JUSTICE BREWSTER delivered the opinion of the Court.

On Aug. 7, 1936, petitioner, Lucile W. Gard, got a divorce from respondent, James Arthur Gard, in a district court of Idaho, where both parties then lived. Awarding custody of their two minor children to petitioner, the judgment provided: "That the defendant shall pay to plaintiff for the support and education of said minor children the sum of $30 per month during such time as plaintiff shall have gainful employment, and $50 per month when the plaintiff shall be out of employment, and that the first payment shall be made on or before the first day of

September, 1936. Said payments shall continue until the younger child shall reach the age of 18 years."

The younger child became 18 years old on March 2, 1946.

Respondent made full payment under the judgment for the months of September, October and November, 1936, and partial payments for nine subsequent months, the last being $15 paid in December, 1937. These payments totaled $225.

During the summer of 1938 respondent left Idaho and came to Texas, where he has since continuously resided.

On June 30, 1947, petitioner, still a resident of Idaho, filed this suit against respondent in the District Court of Brewster County, Texas, where he then resided, alleging that he was indebted to her in the sum of $3,285 being the amounts due her under the Idaho judgment from its date until March 2, 1946, after crediting the $225 which he had paid as above stated.

A district court judgment for that amount was reversed by the Court of Civil Appeals and the cause remanded. 239 S.W. 2d 410.

The Court of Civil Appeals concluded that the Idaho judgment ceased to be operative on March 2, 1946, when the youngest child became 18 years old; that prior to that date petitioner had a cause of action for the delinquent payments "for the purposes for which awarded but not otherwise"; that, that date having passed, petitioner's only maintainable cause of action is for debt for whatever amounts she actually expended or otherwise supplied for necessaries which respondent may have failed to supply to the children; that "the amount ordered to be paid by the Idaho judgment is not the measure of her damages. It might be more or it might be less than the amount she expended or furnished for the necessities of the children."

That holding is contrary to the requirement of Art. IV, Sec. 1, of the Constitution of the United States, that full faith and credit shall be given in each state to the judicial proceedings of every other state.

█ Under the decisions of the Supreme Court of Idaho, petitioner's judgment in that state was as final as any judgment for debt could be, although it was subject to later modification, as to installments not matured, for changed conditions upon appli-

cation of either party. Simonton v. Simonton, 33 Idaho 255, 193 Pac. 386; Simpson v. Simpson, 51 Idaho 99, 4 Pac. 2d., 345. In the later case the movant sought to have the trial court modify a previous divorce judgment by reducing the alimony and support money therein decreed from $85 to $25 per month. The trial court not only granted that relief but reduced the sum of $170 which he was in arrears to $56.25. The Supreme Court held that the reduction was beyond the power of the trial court to decree, because "the power to modify such installments is prospective and not restroactive"; that the order for alimony and support money was not interlocutory but was a final judgment as to installments actually accrued, citing Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905.

In the Sistare case, supra, it is said that "generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments become absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since * * * alimony decreed to a wife in a divorce proceeding is as much a debt of record, until the decree has been recalled, as any other judgment for money is."

We have accepted the holding in the Sistare case. In the recent case of Stout v. Stout (Civ. App.), 214 S. W. 2d., 891, error refused, 147 Texas 666, the divorced wife recovered judgment in a Texas district court for $1920 as money due for monthly alimony and child-support payments which the defendant had been ordered to make by a district court in Louisiana. Quoting from a decision by the Supreme Court of Louisiana (Snow v. Snow, 188 La. 660, 177 So. 793) that "there is no reason why a judgment for alimony, as to the amount which has become past-due since the judgment was rendered, should not be protected by the provision in Article 548 of the Code of Practice, that a judgment, when once rendered, becomes the property of the one in whose favor it has been given", the court held that as to alimony and child support already accrued in favor of Mrs. Stout the Louisiana judgment was entitled to full faith and credit in the Texas courts.

■ In the case at bar respondent, by proper pleading and proof of good cause and before they became due, might have secured a reduction of the payments ordered by the Idaho court or he might have been relieved of them altogether. But he did not take that course; he chose to let them go delinquent. Therefore,

under the law of that state, they became final as a judgment for debt and subject to suit as a debt in the courts of Texas. They became the property of petitioner, and respondent cannot be heard to say that she has no cause of action therefor or that she is required to prove in our courts what she actually and reasonably expended for support and maintenance of the two children before the youngest reached 18 years of age. When the installments matured, her right thereto became "absolute, vested, and protected by the full faith and credit clause of the federal Constitution." 27 C. J. S. Divorce, Sec. 328b, p. 1279.

Other relevant authorities may be found in Anno. III, a & b, 157 A.L.R. 173, 175, and in 17 Am. Jur., Divorce and Separation, Secs. 761 & 762.

■ The respondent presented numerous points of error in the Court of Civil Appeals which it held became immaterial under its holding above discussed. But they must now be decided.

Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for further consideration. Bennett v. Copeland, 149 Texas 475, 235 S. W. 2d 605.

Opinion delivered July 11, 1951.

No rehearing applied for.