**BOWLES et ux. v. BOWLES.**

No. 14526.

Court of Civil Appeals of Texas. Dallas.

July 11, 1952.

Rehearing Denied Sept. 26, 1952.

Eades & Eades, Dallas, for appellants.

J. Howard Lennon, Shults, Nesbitt & Lennon, Dallas, for appellee.

CRAMER, Justice.

This is a child custody case. Appellants filed suit in the Juvenile-District Court against appellee, asking that the care, custody and control of Jack A. Bowles and Jerry A. Bowles, minor children of appellant Charles F. Bowles and appellee Doris D. Bowles, be awarded to appellants. Appellee then filed application for writ of habeas corpus, against appellants, and an answer and cross-action to appellants' petition wherein she sought custody of said minors and a money judgment against appellant, Charles F. Bowles, for arrears in child support. The trial court rendered judgment, on trial of both cases, awarding custody of Jack A. Bowles to appellants, custody of Jerry A. Bowles to appellee, and rendered money judgment in favor of appellee against appellant for $2,015.25. Appellants excepted to that portion of the judgment awarding custody of Jerry A. Bowles to appellee, and a money judgment in favor of appellee against appellant; gave proper notice of appeal and duly perfected this appeal.

Appellants brief five points of error in substance: (1) Error of the trial court in awarding custody of Jerry A. Bowles to appellee; (2) and not to appellants; (3) error in finding that appellee permitted Jerry to visit appellant in December 1950, with the express understanding that the visit was temporary; (4) in finding that it was understood by both parties that Jerry

would be returned at any time on request; and (5) error in rendering judgment against appellant for $2,015.25 or in any other amount, since there is no evidence to support the same.

Points 1 to 4 inclusive were briefed together and will be so considered.

Jerry Bowles was one of three children born during a former marriage of Charles F. Bowles and appellee Doris D. Bowles, which marriage was dissolved by a decree of the Circuit Court of Ingham County, Michigan, on May 16, 1946. Such decree awarded the three children to appellee. Thereafter, appellant Charles F. Bowles married Marjorie Bowles and they had been residents of Dallas County for some time prior to the filing of the present suit.

The trial court found the material facts, in addition to the above, as follows: (1) The decree of the Michigan Circuit Court provided that Doris D. Bowles should have the care, custody and control of Jack A., Jerry A., and Janice A. Bowles, minor children of the marriage; (2) and that Charles F. Bowles should pay to the Friend of the Court the sum of $6.66 per week for the support of each of said minor children until such child shall reach the age of 17 years, said payments to be transmitted to Doris D. Bowles; (3) that such decree has not been altered, modified or superseded; (4) that about January 1950, Doris Bowles permitted Jack to come to visit Charles F. Bowles and his present wife with the understanding that he might permanently reside with his father if he so desired; (5) that about December 1950, Doris D. Bowles permitted Jerry to visit Charles F. and Jane Bowles in Dallas because of her own ill health and with the express understanding that such visit would be temporary; (6) Jerry would be returned to Doris on request by her; Doris at all times furnished proper care and parental attention and medical treatment for the three children; and (7) that she had not been guilty of any act of misconduct, immorality, or impropriety; but (8) had been an affectionate and devoted mother, caring for them (9) to the best of her ability and status in life; (10) and is furnishing them better living quarters, clothing, and medical treatment than at the time of the original decree; (11) in 1951 Doris requested Charles and Jane to return Jerry, which request was refused; (12) Jack does not desire to return to Michigan.

The court concluded that as to Jerry, there had been no change of conditions and that the best interests of Jerry would be that he remain in the care, custody and control of his mother, Doris.

The only material inquiry to a proper disposition of the first four points is whether the court abused his discretion in finding that Jerry was permitted to come to Texas with the understanding that his visit was to be temporary and that both parties understood that Jerry would be returned at any time on request.

Doris Bowles, mother of Jerry, material here, testified that Jerry was born August 30, 1942, and that Charles F. Bowles was her former husband and the father of Jerry; that Charles F. Bowles had been in the Air Force prior to their divorce; that she had lived in Michigan all her life; after her husband went into the Service she went to work and was employed at time of the trial; that she now owns her home in Michigan; that Jerry lived in the Methodist Children's Home in Detroit for about a year and a half since the divorce, for which she paid $8 per week for him and her daughter Janice; that she let Jerry come to Texas in December 1950, and he has been here since that time. She did not send him because it was best for him to be with his father; it was because Jack asked her if Jerry could visit his father. She further testified that the Friend of the Court advised her if Jerry went to Texas he must stay six months. She didn't agree he could "come down here and stay, live with his father." She kept in touch with Jack by regular correspondence.

Doris D. Bowles, on cross-examination, testified as follows:

"Q. And you were having some difficulty taking care of Jerry? A. No, sir.

"Q. Well, didn't you talk to Mr. Lloyd Service about your difficulty

in taking care of Jerry? A. No, sir, strictly ill health.

"Q. Ma'am? A. It was strictly ill health."

Mrs. Doris Chestnut, now a resident of Texas, but who had lived in Lansing, Michigan, and knew the parties there, testified that just before Jerry came to Texas Mrs. Doris Bowles was having trouble with her legs and was visiting a doctor regularly. She had been in ill health for some years, needed an operation at time of the divorce, but in spite of that she had worked and supported her family, had a good job, worked for six years for the same employer, and has a nice cement block house, four rooms and bath, about ten years old, in a respectable neighborhood, and properly furnished. It is located in a fit environment in which to rear the children; that it is a comparable home to the one the former husband, Charles F. Bowles, now lives in in Dallas.

On cross-examination, she testified: "Q. You also know Jerry came down here later? A. Yes.

"Q. You also knew she wanted him to come? A. She wanted Mr. Bowles to keep him for awhile, because she was having a lot of trouble with her legs." The evidence made the issue of the best interests of the child one of fact for the trial court, and after reviewing the evidence as a whole, this Court cannot say that the trial court's finding is so against the weight of the evidence that it should be set aside. Although the evidence was highly controverted, the evidence was sufficient to raise the issue, and supports the trial court's findings of fact.

Points 1 to 4 inclusive are overruled.

Point 5 complains of the personal judgment for past due child support payments under the Michigan divorce judgment.

The judgment, material here, read: "It is also further ordered, adjudged and decreed, that the said plaintiff, Charles F. Bowles, shall pay to the Friend of the Court in and for the County of Ingham the sum of $6.66 for the support and maintenance of each of said children until such child shall attain the age of seventeen years, or until the further order of this Court,

said payments to be transmitted to Doris D. Bowles, * * *."

In Michigan, the amount of the allowance for child support is subject to modification both before and after the installments become due. Sec. 552.16 and 552.17 of the Compiled Laws of Michigan, Title Divorce, read as follows:

"Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain: Provided, That the court is hereby authorized to waive jurisdiction of any minor children under the age of 17 in the decree of divorce, or after the decree of divorce, to the probate court of the county to be governed by the laws of this state with respect to dependent and neglected children under the age of 17 years. The court may, also, in granting a decree of divorce require the husband to file a bond with 1 or more sufficient sureties in a sum to be fixed by the court guaranteeing the payment of allowance ordered in the decree for the support of his minor child or children.

"(17) The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

We have examined the 1949, 1951 Supplements to the Statutes and find no change made in the portions above quoted.

The Supreme Court of Michigan has held in Toth v. Toth, 242 Mich. 23, 217 N.W. 913, 915; 56 A.L.R. 839, that an alimony decree for child support "* * * is not such a final judgment or decree

\* \* \* that an action at law can be maintained upon it."

Under the above authority, and also Criteser v. Gaffey, Tex.Com.App., 222 S.W. 193, 27 C.J.S., Divorce, § 329b, p. 1286, 17 Am.Jur., sec. 708, p. 537, we cannot enforce such judgment under the full faith and credit clause of the Federal Constitution, art. 4, § 1, since said amounts are subject to review before enforcement by the Michigan courts. The facts here are not the same as in the case of Rumpf v. Rumpf, Tex.Civ.App., 242 S.W.2d 416, since there a reduction judgment had been rendered by the court. We must, therefore, sustain point 5.

For the reasons stated, the trial court's judgment is modified so as to eliminate therefrom the money judgment against appellants, and after such modification the judgment is affirmed.

Modified and affirmed.

BOND, C. J., not sitting.