**Lavena Ruth CLAPP, Appellant,**

v.

**Ray M. CLAPP, Appellee.**

**No. 7475.**

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1965.

Rehearing Denied Sept. 7, 1965.

Kiser & Hook, Levelland, for appellant.

McWhorter, Cobb, Johnson & Cobb, Lubbock, for appellee.

NORTHCUTT, Justice.

The judgment from which this appeal was taken is based on the Enforcement of Support Act of Texas, Articles 2328b–1, 2328b–2, and 2328b–3, Vernon's Ann.Tex.Civ.St.

The parties herein will hereafter be referred to as they were in the trial court. Lavena Ruth Clapp, as plaintiff, brought this suit against Ray M. Clapp, as defendant, seeking to have the defendant held in contempt of court for failure to make child support payments as required under the judgment entered in Cause No. 37747–e, Circuit Court of Equity at Mobile, Alabama. In the alternative plaintiff sought judgment against defendant for the amount of the delinquent child support payments.

The defendant answered and filed his plea of privilege and his plea to the jurisdiction of the court which were overruled. The defendant answered further and filed his cross-action pleading because of changed conditions in his financial ability that the monthly payments provided for in the Alabama judgment should be changed in accordance with his financial ability and income and his ability to support his two minor daughters.

In Cause No. 37747–e of the Alabama court the plaintiff, Lavena Ruth Clapp, secured a divorce from the defendant, Ray M. Clapp, on September 10, 1953, and was granted custody of their two children and granted $250 per month for support of the two children. The judgment further provided that the court retain jurisdiction of the cause for the purpose of making such other and further orders or decrees as may be necessary as to carrying out said agreement of the parties.

The case here in this state was submitted to the court without a jury. The court found that there was no evidence to support the fact that the amount claimed to be due and payable under the Alabama decree was actually a final decree of the Alabama court; further that both plaintiff and defendant had for several years been citizens and residents of the State of Texas and as such were entitled to have all controversies between them determined by Texas courts; and lastly, that the ability of the defendant to pay child support payments taking into consideration the needs of the children justified that such payments be lowered and entered judgment that the defendant be required thereafter to pay the sum of $75.00 per child per month until further ordered by the court. From that judgment the plaintiff perfected this appeal. Plaintiff contends the court erred in holding it had jurisdiction, power and authority to forgive and cancel the child support payments which had accrued under the Alabama divorce decree. The plaintiff did not plead nor prove the laws of Alabama and did not prove any modification had not been made in the judgment entered in Alabama. The trial court held there was no evidence to support the fact that the amount claimed be due and payable under the Alabama decree was actually a final decree of the Alabama court. The trial court did not hold it had jurisdiction to cancel the child support payments which had accrued under the Alabama divorce decree but held the plaintiff had not proved the amount claimed to be now due and payable under the Alabama decree. The plaintiff did not at that time nor in this appeal complain by any point or exception to that holding. In the Alabama case a decree was rendered for child support and made payable in future monthly installments. The right to such installments became absolute and vested upon becoming due; and if plaintiff had properly pled and proved such accrued installments, she would have been entitled to a judgment for all past-due accrued installments. Gard v. Gard, 150 Tex. 347, 241 S.W.2d 618. It is stated in Rumpf v. Rumpf, 150 Tex. 475, 242 S.W.2d 416, as follows:

"This court in a recent decision, after finding that under the holding of the Supreme Court of Idaho [Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345] the power to modify installments of alimony and child support is prospective

and not retroactive, held that the right to matured installments awarded by an Idaho court is protected by the full faith and credit clause, and that judgment should be rendered in the suit in this state on the original Idaho judgment for the amount of the matured and unpaid installments. Gard v. Gard [150] Tex.Sup. [347], 241 S.W.2d 618. In so holding we followed and applied the general rule thus stated in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 686, 54 L.Ed. 905, 910–911:

'Generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since * * * "alimony decree to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' It may be observed that in Gard v. Gard there had been no judgment of the court of the foreign state, as in the instant case, converting accrued installments into a judgment for a definite sum presently payable. The decision was as to the finality of the original Idaho judgment with respect to accrued installments."

■ Under this record we do not believe the trial court erred in failing to grant judgment for some speculative matured sum as being vested in the plaintiff.

It is stated in Quinn v. Quinn, Tex.Civ. App., 216 S.W.2d 1001 at 1003 (N.R.E.) as follows:

"Such foreign decree for alimony may be given effect under the full faith and credit clause only if the decree under the law of the state in which it was rendered had become absolute and vest-

ed. See Criteser v. Gaffey, supra [Tex. Com.App., 222 S.W. 193, aff'd., Tex. Civ.App., 195 S.W. 1166]; and the burden falls on the plaintiff to establish by pleading and proof that under the law of the foreign state such judgment so rendered therein is a final judgment.

"A sister state in construing whether or not a foreign judgment has become final shall consider the decisions of the highest court of the state wherein the judgment was rendered and such decisions of such highest court is binding upon the court of the state which is undertaking to construe the finality of said judgment. See Criteser v. Gaffey, supra."

■ The Supreme Court of Alabama in the case of Scott v. Scott, 265 Ala. 208, 90 So.2d 813 has held the trial courts of the state of Alabama have the right to modify a judgment for child support as changed conditions might justify. See also Hudson v. Hudson, 36 N.J. 549, 178 A.2d 202. It is clear that the state of forum has at least as much leeway to disregard the judgment to qualify it or to depart from it as does the state where it was rendered. State of New York ex rel. Halvey v. Halvey, 330 U. S. 610, 67 S.Ct. 903, 91 L.Ed. 1133. See the many cases there cited. Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635.

■ Under Section 1 of Article 4639a, V.T.C.S., the courts of this state have the power and authority to alter or change such judgment or suspend the same covering the question of child support in a divorce suit. Since the plaintiff and defendant both have continued to reside in the State of Texas, we believe that the laws of Texas as responding state are to be applied in this case and especially since the courts of Alabama had the right to modify the judgment. State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758 (petition for writ of certiorari to the Supreme Court of Texas was denied by the United States Supreme Court, State of California Dept. of

Mental Hygiene v. Copus, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074); Freeland v. Freeland, Tex.Civ.App., 313 S.W.2d 943; Rosenberg v. Rosenberg, 152 Me. 161, 125 A.2d 863; Daly v. Daly, 21 N.J. 599, 123 A.2d 3.

We have carefully considered all of appellant's assignments of error and overrule all of them.

Judgment of the trial court is affirmed.