**Ilene Renner BRAZEAL, Appellant,**

v.

**Loren Wayne RENNER, Appellee.**

No. 17985.

Court of Civil Appeals of Texas, Dallas.

March 15, 1973.

James R. Fry, Kennedy & Minshew, Sherman, for appellant.

Neil Brans, Brans & Higginbotham, Dallas, for appellee.

GUITTARD, Justice.

Our question is whether a Missouri child support order is enforceable in Texas as a judgment for money in favor of the mother without proof that it is final under Missouri law. We hold that it is not enforceable.

In 1963 plaintiff Ilene Renner, now Brazeal, was divorced from defendant

Loren Renner in Greene County, Missouri, by a decree which gave plaintiff custody of their three children and provided "that Plaintiff have and recover of and from Defendant the sum of $75.00 per month as child support." In 1971 plaintiff sued in the District Court of Grayson County, Texas, for $6,915, which she alleged to be due and unpaid under the Missouri decree. Defendant answered by a general denial and a plea that plaintiff's cause of action was barred by limitation because it accrued more than two years before the suit was filed.

The trial court sustained the plea of limitation and rendered judgment for plaintiff for only $465, which the court found to be the amount of the payments which had fallen due within two years before filing the suit less defendant's payments during that period. The court's findings recite that the applicable laws of Missouri were neither pleaded nor proved, that no demand was made that the court take judicial knowledge of such laws, that there was no evidence that plaintiff's claim had been reduced to a final judgment by a court of proper jurisdiction in Missouri, and that defendant had paid only $1,555 of the $7,575 which he was to have paid from the date of the Missouri decree to the time of the trial. The court's conclusions are that the cause of action is a claim for debt to which the two-year statute of limitations is applicable, that the decree is still subject to control of the court rendering it and will not support a cause of action on the judgment per se, and that the "full faith and credit" clause of the Constitution of the United States is not applicable.

Plaintiff appeals, contending that we should reverse the judgment below because the court failed to give full faith and credit to the Missouri decree, and that we should render judgment in her favor for $6,020, the difference between the total amount of the past due installments and defendant's payments, as found by the court.

The test of whether a judgment payable in installments is enforceable in another state under the "full faith and credit" clause, U.S.Const. art. IV, § 1, was laid down by the Supreme Court of the United States in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1909). According to that test, such a judgment is entitled to full faith and credit if, under the laws of the state where it was rendered, the right to each installment becomes absolute and vested as it falls due, but not if each installment remains subject to modification in the court's discretion. In Gard v. Gard, 150 Tex. 347, 241 S.W.2d 618 (1951), the Supreme Court of Texas applied this test to an Idaho child support order and held that it was entitled to full faith and credit, since by the law of that state the payments were not subject to modification after they fell due. On the other hand, in Criteser v. Gaffey, 222 S.W. 193 (Tex.Comm.App.1920), an Oregon alimony judgment was held not entitled to full faith and credit under *Sistare* because it was subject to modification under Oregon law.

■ Here the Missouri decree is not entitled to full faith and credit because plaintiff failed to prove that her rights to past due installments were vested and not subject to modification under the law of Missouri. That was a matter on which she had the burden of proof. Quinn v. Quinn, 216 S.W.2d 1001 (Tex.Civ.App., Fort Worth 1948, writ ref'd n. r. e.); Ogg v. Ogg, 165 S.W. 912 (Tex.Civ.App., San Antonio 1914, no writ). We cannot take judicial notice of the Missouri law, since no motion to permit judicial notice was filed in the trial court under Tex.Rules of Civil Procedure 184a. Neither can we assume that necessary proof was made. The record shows that the trial judge, over defendant's objection, examined a book represented by plaintiff's counsel to contain a copy of the Missouri law, but the record does not show that it was authenticated, and even if it were properly before the trial court, the record does not show its contents. In the absence of a complete

record we must presume that the Missouri law presented to the trial court, if applicable to this case, supports the court's judgment.

Plaintiff argues that even without proof of Missouri law her claim is not subject to the Texas two-year statute of limitations because Missouri law must be presumed to be the same as that of Texas, and under Texas law this suit is an action on a judgment of another state under Tex.Rev.Civ. Stat.Ann. art. 5530 (1958) rather than an "[action] for debt where the indebtedness is not evidenced by a contract in writing" under the two-year statute of limitation, Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). She argues further that since article 5530 permits actions to be brought on foreign judgments within such period as provided by the law of the state in which it is rendered, in the absence of proof of the applicable Missouri limitation statute, the action is controlled by the ten-year period applicable to Texas judgments, Tex.Rev.Civ. Stat.Ann. art. 5532 (1958).

Texas law, however, cannot supply the necessary finality to the Missouri decree. If Missouri law is the same as Texas law, that decree lacks finality because under Texas law the court which renders a decree for child support has "power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require." Tex.Rev.Civ.Stat.Ann. art. 4639a § 1 (Supp.1972); Menner v. Ranford, 487 S. W.2d 698 (Tex.1972). Moreover, under Texas law, plaintiff's entire cause of action would fail because she would not be entitled to a money judgment for delinquent child support payments, as distinguished from an order enforceable by contempt proceedings. Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957). A closely analogous case is Ogg v. Ogg, 165 S.W. 912 (Tex.Civ.App., San Antonio 1914, no writ), in which a suit was brought to enforce a New York alimony judgment. The court held that the judgment was not entitled to full faith and credit under *Sistare* because plaintiff had failed to plead and prove that the matured installments were not subject to modification under the law of New York, and further held that the judgment could not be aided by applying Texas law because Texas does not permit judgment for permanent alimony. The same rule would prevent enforcement of a money judgment for child support not permitted by Texas law unless it is shown to be a final judgment entitled to full faith and credit.

The trial court apparently took the view that since the Missouri decree was not enforceable as a judgment, the petition alleged only a simple claim for debt "not evidenced by a contract in writing" within the Texas two-year limitation statute, Tex. Rev.Civ.Stat.Ann. art. 5526 (1958). We need not decide whether it was a claim for debt, since plaintiff's entire case rests on her contention that the Missouri decree is entitled to full faith and credit. We hold only that the trial court was correct in denying it that status. On this ground all of plaintiff's points are overruled.

Affirmed.