John E. Humphreys, Dallas, for appellant.

C. Taylor Ashworth, Jenkins & Gilchrist, Dallas, for appellee.

Donald E. REYSA, Appellant,

v.

Judy G. REYSA, Appellee.

No. 8264.

Court of Civil Appeals of Texas, Texarkana.

Jan. 28, 1975.

Rehearing Denied April 22, 1975.

CORNELIUS, Justice.

Appellee was granted summary judgment against appellant for $7,658.53 representing accrued and unpaid alimony installments provided by an Illinois divorce decree. The judgment will be reversed.

The parties were divorced in 1966 in Illinois. An agreement of the parties which was "incorporated into and merged into" the decree provided that appellant would pay appellee "as and for her permanent alimony" the sum of $475.00 per month (being one-third of appellant's salary less deductions) plus one-third of any salary increases which appellant received in the future. The decree provided that all of the terms of the alimony agreement were binding on the parties, and that "this court shall retain jurisdiction of this cause until the terms of this decree have been fully complied with in all respects." Appellant moved to Texas, and in 1973 appellee filed suit in Dallas County to recover the unpaid alimony. Appellee's last amended petition, filed on January 16, 1974, sought only to recover installments of *$703.44* for the months of July, August, September, October, November and December of 1973, totaling $4,406.64, plus ". . . any other amounts coming due during the pendency of this action . . ." On January 21,

1974, appellee filed her motion for summary judgment. The motion was supported by appellee's affidavit *dated November 12, 1973,* and appellant's answers to certain interrogatories. On April 4, 1974, appellee filed a second amended motion for summary judgment asserting that the installments for July through December, 1973 were $833.06 each rather than $703.44, and were $896.39 per month for January, February and March of 1974, for a total of $7,687.53. The amended motion was not supported by an amended pleading or a new affidavit, but merely referred to the affidavit of November 12, and depended upon the answers to interrogatories to show the amount of appellant's salary. The District Court granted summary judgment for the amount which the amended motion for summary judgment asserted was due.

Appellant urges eleven points of error which contend, among other things, that the summary judgment is not supported by the pleadings or by legally sufficient evidence.

To be entitled to summary judgment, appellee had the burden to show by summary judgment proof that there was no material issue of fact genuinely in dispute and that she was entitled to the judgment prayed for as a matter of law. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Gulf, Colorado & Santa Fe Railway v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Campbell v. Avinger, 505 S.W.2d 788 (Tex.1974). In this case that means that appellee must have shown that the Illinois decree was a final judgment entitled to full faith and credit in Texas, by which specific alimony installments in a sum certain had become fully vested and were due and unpaid. Restatement of the Law Second, Conflict of Laws, Secs. 107 and 108; 50 C.J.S. Judgments, p. 448 and cases there cited.

In some states alimony installments which have already accrued are nevertheless subject to modification by the court under the authority of statutes, judicial decisions or provisions contained in the decree. See Annotation, 94 A.L.R. p. 332, et seq. Where such installments are subject to modification after accrual, the judgment is not entitled to full faith and credit even as to accrued installments. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905; Gard v. Gard, 150 Tex. 347, 241 S.W.2d 618 (1951); Criteser v. Gaffey, 222 S.W. 193 (Tex.Comm'n.App.1920, judg. approvd); Stout v. Stout, 214 S.W.2d 891 (Tex.Civ.App. Texarkana 1948, writ ref'd); Restatement of the Law Second, Conflict of Laws, Sec. 109. Therefore, to show that the Illinois judgment was final and entitled to full faith and credit, appellee must have shown not only that it *had not been rescinded or modified,* but also that under Illinois law, the accrued installments *were not subject to modification.*

Appellee's summary judgment proof consisted only of her affidavit of November 12, 1973, a certified copy of the Illinois decree, and answers to certain interrogatories. The material portions of her affidavit alleged only that the Illinois decree "has not been rescinded or in any way modified," that she had not remarried since the entry of the decree, and that she had received none of the installments since June of 1973. The answers to interrogatories only confirmed that the Illinois decree *had not been* modified as far as appellant knew, and gave the amount of appellant's salary. There was no summary judgment proof as to whether Illinois law permitted modification of installments which had already accrued.* There was no motion for the court to take judicial notice of Illinois law as allowed by Rule 184a, Texas Rules of Civil Procedure, nor was the court provided with information to guide it as to that law had such a motion been made. Ordinarily, when there is no proof of foreign law and no motion under Rule 184a to

* The amended motion for summary judgment asserted that under Illinois law, appellee's right to receive the alimony which had become due was "vested and absolute," but such motion did not constitute summary judgment proof. See Infra.

take judicial notice of such law, the Texas Court will presume that the foreign law is the same as that of Texas and judge the issue accordingly, but such rule cannot apply here because Texas law does not recognize or permit permanent alimony, and it therefore cannot aid appellee in the required showing of whether the accrued alimony installments were subject to modification. Ogg v. Ogg, 165 S.W. 912 (Tex.Civ.App.San Antonio 1914, no writ); Brazeal v. Renner, 493 S.W.2d 541 (Tex.Civ.App.Dallas, 1973, no writ). Although the alimony payments here were agreed, they were *adjudged by the decree*, and thus constituted alimony rather than contractual obligations merely *approved by the decree*, as was the case in Francis v. Francis, 412 S.W.2d 29 (Tex.1967). The agreement was not a mere property division or settlement, but was an agreement to pay "permanent alimony" from the appellant's future wages, and it was "incorporated into and merged into" the decree, becoming a binding part of it. The nature of the installments is further confirmed by appellee's petition and motion for summary judgment which treat the installments as permanent alimony adjudged by the decree, and by that portion of the decree which retained jurisdiction of the cause in order to see that its terms were carried into effect.

As appellee's summary judgment proof failed to show whether under Illinois law modification of the accrued installments was permitted either by the statutes or judicial decisions of that state or by the decree itself which purported to retain jurisdiction of the cause, summary judgment was not authorized.

The summary judgment proof is also deficient in other respects. There was no proof whatsoever with respect to the installments for the months of November, December, January, February, and March except data by which their amounts could be calculated. It was not shown that they had accrued without prior modification, or that they were unpaid. Although the second motion for summary judgment asserted

that the installments for November, December, January and February were vested and absolute under Illinois law and were due and unpaid, neither that motion nor appellee's pleading, both of which were unverified and signed only by appellee's attorney, constituted summary judgment proof. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. 1971). Points of error three and four will therefore be sustained.

Additionally, the judgment did not conform to the pleadings. Even considering that the installments for January, February and March were covered by the January 16 petition's plea for "other amounts coming due during the pendency of the action," the judgment still exceeds the amounts alleged. Point of error one will therefore be sustained. See Socony-Vacuum Oil Co. v. Aderhold, 150 Tex. 292, 240 S.W.2d 751 (1951); Denman v. Stuart, 142 Tex. 129, 176 S.W.2d 730 (1944). That error could be corrected by modifying the judgment to conform to the pleadings, but appellee's failure to sustain her summary judgment burden in the respects heretofore mentioned requires that the judgment be reversed and the cause remanded. Appellant's other points will be overruled. It is so ordered.

## ON REHEARING

On original submission of this cause the certified transcript did not contain any motion asking the trial court to take judicial notice of the law of Illinois, or any reference to any such motion ever having been made. In her motion for rehearing, appellee advised that such a motion had been made but that it had been omitted from the transcript. A supplemental transcript has now been filed. It contains a motion by appellee to the trial court asking that judicial notice of the law of Illinois be taken. Attached to the motion is a copy of an Illinois Appeals Court decision holding that accrued alimony installments are not subject to modification by Illinois law. Although the supplemental transcript does

not reveal whether the trial court granted appellee's motion, we assume that it did grant it and that it took judicial notice of Illinois law. The portion of our opinion dealing with appellee's failure to show whether Illinois law permits alimony payments to be modified after accrual is therefore no longer applicable. However, in view of the other deficiencies in the summary judgment proof heretofore noted; the conflicts between the motion for summary judgment, the summary judgment proof and the pleadings; and the fact that a modification of the judgment would not afford appellee complete relief, we believe that justice will best be served by a remand and a trial of appellee's entitlement to the installments from July 1973 to the present.

Appellee's motion for rehearing is overruled.