Arthur G. HENDRICKS, Appellant,

v.

Laura Jean HENDRICKS, Appellee.

No. 16646.

Court of Civil Appeals of Texas,
Houston (First Dist.).

Feb. 11, 1976.

Rehearing Denied April 8, 1976.

Ronald L. Palmer, Randall A. Hopkins, Houston, for appellant; Baker & Botts, Houston, of counsel.

Michael S. Thorne, Houston, for appellee.

PEDEN, Justice.

The plaintiff appeals from the denial, after a non-jury hearing, of his petition for a declaratory judgment whereby he sought to nullify the alimony portion of a Kentucky divorce decree. He says the statute under which the Kentucky court awarded alimony is unconstitutional because it is discriminatory on the basis of sex and that alimony is against the public policy of Texas.

In response to Mr. Hendricks' petition, his former wife filed a counter-claim asking the Texas court to give the Kentucky judgment full faith and credit and to give her a judgment for the delinquent alimony to the time of trial. The evidence consisted of answers to interrogatories, requests for admissions and a stipulation of facts. The trial court held for Mrs. Hendricks on both the plaintiff's petition and on her counter-claim. We affirm.

We have paraphrased these findings of fact and conclusions of law set out in the trial court's judgment:

1) the "final decree" of the Kentucky court is regular on its face; 2) the Kentucky court is one of general jurisdiction; 3) it had jurisdiction over the divorce in question; 4) the Kentucky decree is entitled to full faith and credit; 5) that decree does not order alimony but merely incorporates, approves, and ratifies an agreement for support of Mrs. Hendricks and the children of the parties as part of the division of community property; 6) the agreement in question has a lawful subject matter, recites a consideration, was signed by both parties, and was submitted to the court by Mr. Hendricks; 7) the Kentucky decree is a valid, subsisting judgment; 8) the agreement is a contract, valid on its face, and Mrs. Hendricks is entitled to the delinquencies due under it and to each subsequent payment as it shall accrue; 9) Mrs. Hendricks is not deceased; 10) she has not ceremonially remarried, and all children born of the marriage have reached age 18.

The appellant presents eleven points of error. The first is:

"The trial court erred in according 'full faith and credit' to the alimony portion of the Kentucky 'final decree' and in awarding a money judgment for accrued alimony because the Kentucky statute (now repealed) under which the Kentucky court awarded alimony was unconstitutional and, thus, the Kentucky court lacked jurisdiction to make such alimony award and that portion of the 'final decree' is therefore void."

The statute in question provided:

"Art. 403.060 (Kentucky Revised Statutes) *Disposition of property—Restoration of Maiden Name.—*

(1) If the wife does not have sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as the court considers equitable; but no such allowance shall divest the husband of the fee simple title to real estate.

(2) Upon final judgment of divorce from the bonds of matrimony, each party shall be restored all the property, not disposed at the beginning of the action, that he or she obtained from or through the other before or during the marriage and in consideration of the marriage.

(3) . . .

(4) . . . ."

The appellant contends that this Kentucky statute was unconstitutional because it authorized a court to grant alimony only to a woman. He says this classification and discrimination based upon sex is contra to the equal protection afforded by the Fourteenth Amendment to the United States Constitution, which requires any statutory classification of citizens to bear a rational relationship to the statute's objectives. He asserts that the Supreme Court of the United States has strongly suggested that sex is a "suspect classification," which is presumed to violate the equal protection clause unless some compelling state interest is demonstrated to justify the inherently suspect classification, citing *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). He also cites *Wiegand v. Wiegand,* 226 Pa.Super. 278, 310 A.2d 426 (1973). In that case the Pennsylvania Supreme Court declared that since the adoption of the Equality of Rights Amendment to the Pennsylvania Constitution certain statutes that limited to women certain rights in divorce cases were no longer constitutional under Pennsylvania law.

The appellant says the State of Kentucky recognized this infirmity by repealing Art. 403.060 and enacting a statute allowing either spouse alimony under proper circumstances, Art. 403.140(1)(d), Ky.Rev.Stat.

The alimony provision of the decree was agreed upon by the parties. An interlocutory decree was first entered. It made this reference to a written agreement of the parties disposing of all disputed issues:

"5. The agreement executed between the parties and filed of record herein shall be, and hereby is, by reference made a part of this interlocutory order, said agreement having been executed and

filed of record on the 19th day of December, 1967."

The final judgment, entered on March 15, 1968, contained this recital:

"2. The Agreement between the plaintiff and the defendant, filed in this action on December 19, 1967, is made part of and incorporated in this Final Decree, the same as if fully written in words and phrases into the Final Decree."

The agreement of the parties dated December 19, 1967, contained this recital: " . . . The parties hereto desire to, and do hereby, dispose of, by compromise settlement, all issues of every kind and nature growing out of . . . the present marriage, the . . . pending action for divorce . . . including . . . issues to (sic) property, alimony, support and maintenance . . . " It then explicitly provided for the payment of alimony.

■ We are not convinced that the Kentucky statute in question was unconstitutional. In *Murphy v. Murphy,* 232 Ga. 352, 206 S.W.2d 458 (1974), the only issue decided by the Georgia Supreme Court was that it must reverse the holding of the trial court that Georgia statutes providing for the granting of alimony to the wife but not to the husband "are unconstitutional because they violate the constitutional provisions of the Fifth and Fourteenth Amendments of the United States Constitution and . . . the Constitution of the State of Georgia." The United States Supreme Court denied certiorari on April 21, 1975.

There are other reasons why we overrule the appellant's first point of error but we will not prolong this opinion by stating them. The appellant's second and third points are also based on his position that the Kentucky statute was unconstitutional and they are also overruled.

The appellant complains in points of error 4, 5 and 6 of the trial court's failure to limit its recognition of the foreign judgment to the basis of comity and says the court erred in enforcing the judgment because the payment of alimony is against public policy of the State of Texas.

■ When the wife's right to alimony payments under a divorce decree of a sister state has become absolute and vested under the original alimony decree and the accrued amount is not subject to modification, the decree is entitled to full faith and credit in Texas courts. *Stout v. Stout,* 214 S.W.2d 891 (Tex.Civ.App.1948, writ refused); *Gard v. Gard,* 150 Tex. 347, 241 S.W.2d 618 (1951); Comment by Charlie D. Dye, 38 Texas Law Review 82 (1959).

In points of error 7 and 8 the appellant complains that the trial court erred in awarding a money judgment for accrued alimony. He says the Kentucky court lacked jurisdiction because under Art. 403.-060 Ky.Rev.Stat., alimony was to be ordered only if the divorce was obtained by the wife. He also says the court erred in failing to find who obtained the divorce.

■ It was Mr. Hendricks who obtained it. We hold that the Kentucky court was entitled to honor the parties' agreement as to alimony, but even if it was not, such error would not be jurisdictional and thus subject to this collateral attack. Although the parties stipulated in the trial court in Texas that the authority of the Kentucky court to award alimony was derived from Article 403.060 of the Kentucky statutes, it is clear that in addition to such statutory authority the Kentucky court could, and apparently did, accept the parties' agreement as to "all issues."

■ The appellant next challenges the trial court's finding that the Kentucky final decree does not order alimony but merely incorporates, approves and ratifies an agreement for the support of Mrs. Hendricks. In his tenth point of error the appellant says the trial court erred in entering the judgment based on any contract claim or right of appellee, because no contractual claims or pleadings were before the trial court so he was never afforded any opportunity to present his defenses to a contractual claim. The appellant's last point of error complains about the trial court's having purported to enter the judgment in question based on a contract claim of the

because there is no evidence, or insufficient evidence, to support any claim for contractual relief.

We overrule these points. Although we disagree with the trial court's fifth finding, that the Kentucky decree did not order alimony, we hold that it does not constitute reversible error. Rule 434, Texas Rules of Civil Procedure. We conclude from an examination of the pleadings and the evidence before the Texas trial court that both pleadings and evidence support the contract claim. Further, we think our rulings on the appellant's other points are dispositive of these last three.

Affirmed.