MARK A. BUCHHOLZ, APPELLEE AND CROSS-APPELLANT, V. CLEONE S. BUCHHOLZ, APPELLANT AND CROSS-APPELLEE.

248 N. W. 2d 21

Filed December 15, 1976. No. 40496.

Paul E. Galter, for appellant.

Barney & Carter and Herbert M. Brugh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

This is an action to dissolve a marriage brought by Mark A. Buchholz against his wife Cleone S. Buchholz. The principal thrust of the respondent wife on appeal is the assertion that the Nebraska divorce statutes are unconstitutional. She also contends that the award of alimony is insufficient. We affirm the District Court judgment.

Respondent's first contention is that she has a property right in the marriage. Although not entirely clear from her brief, she apparently believes that the decree of divorce deprives her of a substantial property inter-

est in violation of the Fourteenth Amendment's due process clause. Respondent cites no case in point but seeks to compare the situation with that of a tenured job holder who loses his position "without fault." See Perry v. Sindermann, 408 U. S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570. It is generally held that marriage is not an ordinary civil contract. Its nature is well expressed in the following quotation from 55 C. J. S., Marriage, § 1 b, p. 806: "Marriage is generally considered a civil contract differing in notable respects from ordinary contracts, but it is also and specially a status or personal relation in which the state is deeply concerned and over which the state exercises exclusive dominion." See, also, 52 Am. Jur. 2d, Marriage, § 5, p. 867; Ritzer v. Ritzer, 243 Mich. 406, 220 N. W. 812; Willits v. Willits, 76 Neb. 228, 107 N. W. 379, 5 L.R.A.N.S. 767.

In Maynard v. Hill, 125 U. S. 190, 8 S. Ct. 723, 31 L. Ed. 654, it was held: "Marriage is something more than a mere contract, though founded upon the agreement of the parties. When once formed, a relation is created between the parties which they cannot change; and the rights and obligations of which depend not upon their agreement, but upon the law, statutory or common. It is an institution of society, regulated and controlled by public authority. Legislation, therefore, affecting this institution and annulling the relation between the parties is not within the prohibition of the Constitution of the United States against the impairment of contracts by state legislation."

The proposition here presented was directly in issue in In re Marriage of Walton, 28 Cal. App. 3d 108, 104 Cal. Rptr. 472. The California law is similar to our own. The court stated: "Similarly, Wife's contention that the dissolution of her marriage on the ground of irreconcilable differences under the Family Law Act unconstitutionally deprives her of a vested interest in her married status cannot be sustained. Certainly a wife has a legitimate interest in her status as a married

woman, but, separate and apart from marital property and support rights as to which Wife makes no contention, we entertain some doubt whether her interest in her status as a married woman constitutes property within the purview of the due process clauses of article I, section 13 of the California Constitution and the Fourteenth Amendment to the United States Constitution. In any event, in view of the state's vital interest in the institution of marriage * * * and the state's plenary power to fix the conditions under which the marital status may be created or terminated * * *, it is clear that Wife could have no vested interest in the state's maintaining in force the grounds for divorce that existed at the time of her marriage. Her interest, however it be classified, was subject to the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. * * *

"Even if Wife is said to have some constitutionally protected vested right, she has not been deprived thereof without due process of law. 'Vested rights, of course, may be impaired "with due process of law" under many circumstances. The state's inherent sovereign power includes the so called "police power" right to interfere with vested property rights whenever reasonably necessary to the protection of the health, safety, morals, and general well being of the people * * *.' " See, also, In re Marriage of Franks (Colo.) 542 P. 2d 845.

We agree that the marriage contract does not create a property right in the marital status. A marriage is not a property interest but is, in essence, a personal relationship subject to dissolution on terms fixed by state law.

It is asserted that the Nebraska statutes discriminate against women and are in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States in that women, after a divorce, are not as capable of supporting themselves

as are men. Section 42-365, R. S. Supp., 1976, provides: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, * * * and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party."

Section 42-366, R. R. S. 1943, provides that the parties may agree on a property settlement and, in the absence of an agreement, the court may decree a property division with due regard for the economic circumstances of the parties and any other relevant evidence. In addition to an award of property, the court may make an award of alimony.

It is evident that the law is designed to meet the question of ability of either party to provide for himself or herself and to offset it as nearly as can be done considering the economic situation of the parties. The respondent would have us rule, in substance, that once a marriage is effected a wife has a lifetime lien on her husband for support. Such a rule would be a two-edged sword as often the wife is much wealthier than the husband. We are unable to perceive any discrimination against women; on the contrary, the statutes are designed for their protection. The alimony and division of property provisions are rarely, if ever, invoked in behalf of men. In some instances husbands have asserted that statutes which grant alimony to a wife but not to a husband are discriminatory. Such contentions have been rejected. See, Saraceno v. Saraceno (Mass.), 341 N. E. 2d 261; Hendricks v. Hendricks (Tex. Civ. App.), 535 S. W. 2d 668; Williams v. Williams (La.), 331 So. 2d 438. In the latter case it was held: "Equal protection clause of Fourteenth Amendment to United States Constitution does not deny the state power to make legislative classification based on sex, provided

that classification is reasonable, not arbitrary, and rests upon some ground of difference having fair and substantial relation to object of legislation."

Respondent's final assignment of error is that the award of alimony was insufficient or inadequate. The parties were married September 6, 1953, and have been separated since October 27, 1972. They have a son now 20 years of age and a daughter 18 years of age. Petitioner Mark A. Buchholz is a Judge of the Nebraska Workmen's Compensation Court whose salary at the time of trial was $30,500 per year. Respondent is a registered nurse. Each of the parties received property valued at approximately $27,000; support for the minor daughter was fixed at $150 per month, payable to respondent who received physical custody; and petitioner was ordered to pay alimony of $500 per month for 24 months and of $400 per month for an additional 95 months, terminable on the death of either party or the remarriage of respondent. In addition, petitioner was ordered to pay the expense of respondent's retraining as a registered nurse within 3 years of the decree, not exceeding $2,000, should respondent desire such training. Costs including an attorney's fee of $2,500 were taxed to petitioner.

Petitioner cross-appeals on the ground that alimony and attorney's fees allowed are excessive. He points out that he will desire to finance the two children through college. The cross-petition is denied.

The judgment is affirmed in all respects and respondent is allowed an attorney's fee of $500 to be taxed to petitioner with other costs.

AFFIRMED.