ROBERT D. ROBERTS, APPELLEE, v. BETTY J. ROBERTS, APPELLANT.

263 N. W. 2d 449

Filed March 8, 1978. No. 41392.

Richard Douglas McClain, for appellant.

Donald R. Hays, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, J.

This is an action for dissolution of marriage. The respondent-wife denied the marriage was irretrievably broken, and cross-petitioned for legal separation. The marriage was dissolved. Respondent appeals, assigning as error the unconstitutionality of sections 42-347 to 42-379, R. R. S. 1943; the marriage was not irretrievably broken; and the court failed to give proper consideration to relevant factors involving that question. We affirm.

The parties were married in 1954. Their only child is of legal age. In October 1975, petitioner-husband moved out of the family home and took up residence in the home of a Betty LaPierre. Also living in that home are Mrs. LaPierre's teenage daughter and the father of the daughter, who is not the husband of Mrs. LaPierre. Respondent filed a petition in the conciliation court December 1, 1975. Two conferences were held, but efforts at reconciliation proved to be futile. The petition for dissolution of marriage was filed July 20, 1976, following completion of the proceedings in conciliation court.

Petitioner has at all times insisted the marriage was irretrievably broken. He testified he is not interested in a reconciliation, and further attempts at counseling would not change his mind. He testified he does not and has not loved his wife for a long period of time.

Respondent alleges petitioner is a changed person since he moved to the LaPierre home. She claims

the marriage could be saved if he were removed from the LaPierre influence. This appeal appears to be premised on respondent's contention that the trial court should have delayed action on the petition for divorce until petitioner moved from the LaPierre home.

Whether or not petitioner's relationship is a meretricious one, it should be apparent the marriage is irretrievably broken. It is not within the province of the divorce court to exercise the powers sought by the respondent. If any criminal law is being violated, the matter should be processed by the proper authorities. Courts can not be involved until proper charges are processed and filed.

The constitutional issues were decided adversely to respondent's contentions in Buchholz v. Buchholz, 197 Neb. 180, 248 N. W. 2d 21 (1976). We specifically held the Nebraska divorce laws are not unconstitutional under the due process or equal protection clauses of the United States and Nebraska Constitutions. Reference to that case will answer all questions raised by the respondent.

Respondent's appeal borders on the frivolous. Her contentions merit little discussion. It is sufficient to say the record discloses a reasonable effort to effect reconciliation has been made and it is obvious the petitioner has no desire to continue the marriage relationship. The evidence clearly supports the trial court's finding, the marriage was irretrievably broken. As stated in Mathias v. Mathias, 194 Neb. 598, 234 N. W. 2d 212 (1975): "When a personal relationship with another under the institution of marriage has deteriorated to the point that the parties can no longer live together the marriage is irretrievably broken."

The judgment of the District Court is affirmed.

AFFIRMED.